IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Steve Franklin, #153962,            )     C/A No.: 9:08-3744-JFA-BM
                                          )
                 Plaintiff,    )
    vs.                             )     O R D E R
                                            )
Richard Bearden, Doctor; Ame Spencer,   )
Nurse Supervisor; Geraldine Littlejohn,   )
Human Services; Michael Fowler, Grievance   )
Officer; Dr. Cross; Dr. Woods; Dr. Beinor,   )
                                          )
                 Defendants.    )
_____   )

The *pro se* plaintiff, Steve Franklin, is an inmate at the Tyger River Correctional

Institution at the South Carolina Department of Corrections ("SCDC"). He initiated this

action pursuant to 42 U.S.C. § 1983 contending that the defendants have deprived him of

medical treatment for back pain and depression and have racially discriminated against him.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report

and Recommendation wherein he suggests that this court should grant summary judgment[2]

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion with his own motion for summary judgment.

to the defendants. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file, and did timely file, objections to the Report and Recommendation which was entered on the docket on August 13, 2009. The court has carefully reviewed the plaintiff's objections and finds them to be merely a restatement of his claims set forth in the complaint. As such, plaintiff's objections are overruled.

As an initial matter, the defendants have asserted that the plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit. The defendants submitted an affidavit which the Magistrate Judge carefully reviewed. The Magistrate Judge opines that the defendants are not entitled to dismissal of the action because there are disputed facts in the record as to whether the plaintiff properly exhausted or attempted to exhaust his remedies. This court agrees and will not dismiss the action on this basis.

As the Magistrate Judge correctly opines, the plaintiff fails to show that defendants were deliberately indifferent to his medical needs or that his treatment was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). As the Magistrate Judge properly notes, incorrect medical treatment or negligence in general is not actionable under 42 U.S.C. 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989); the

Constitution does not guarantee a prisoner the treatment of his choice, *Jackson v. Fair*, 846 F.2d 811 (1st Cir. 1988); nor does a disagreement as to the proper treatment to be received in and of itself state a constitutional violation, *Smart v. Willar*, 547 F.2d 112 (10th Cir. 1976).

This court concurs with the Magistrate Judge that plaintiff has failed to show deliberate indifference to his overall medical needs by the defendants. Accordingly, summary judgment is granted to the defendants on this issue.

The Magistrate Judge also notes that to the extent the plaintiff is complaining about the grievance system and how his grievances were handled, such a claim is not cognizable under § 1983 as there is no constitutional right to access to a prison grievance procedure. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). Therefore, this claim, to the extent it is asserted, is subject to dismissal.

Finally, plaintiff's general and conclusory claim in his complaint that the doctors and nurses who have been responding to his complaints have been discriminating against him is not sufficient to present a viable claim or to withstand a properly supported summary judgment motion. In accordance with the Magistrate Judge's suggestion, this claim is dismissed as well.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the defendants' motion for summary judgment is granted. The

plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 23, 2009
Columbia, South Carolina